# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

In re:

Aleksandra Neva Kalinina,

Debtor

Chapter 11
Case No. 20-10422

## ORDER DENYING DEBTOR'S REQUEST
## FOR IMPOSITION OF AUTOMATIC STAY

The Debtor initiated this chapter 11 case on September 18, 2020. *See* [Dkt. No. 1]. Several days later, Eric Goldfine as Trustee of the Eric Goldfine Self Employed Retirement Trust filed a motion asking the Court to confirm that the automatic stay did not arise upon the filing of the petition under 11 U.S.C. § 362(c)(4)(A) [Dkt. No. 8] (the "Motion to Confirm"). On September 22, 2020, the Debtor filed two documents objecting to the Motion to Confirm [Dkt. Nos. 14 & 15], and the Court scheduled an expedited, telephonic hearing on the Motion to Confirm for September 23, 2020. The Debtor then filed a motion seeking a hearing on September 24, 2020 and asking for the imposition of the automatic stay for a period of 30 to 90 days [Dkt. No. 18] (the "Motion to Impose"). At the Debtor's request, the Court issued an order setting a hearing on the Motion to Impose and rescheduling the hearing on the Motion to Confirm to take place telephonically on September 24. [Dkt. No. 24.] Although the Clerk's office sent the order to the Debtor via electronic mail, the Debtor did not appear on September 24. As a result, the Court scheduled a continued, telephonic hearing on the Motion to Impose for September 30, 2020. [Dkt. No. 29.] The Court also issued an order confirming that the automatic stay is not in effect in this case because this is the Debtor's third case under Title 11 within the year preceding her petition date in this case, and her prior two cases were dismissed. *See* [Dkt. No. 28].

At the continued hearing on the Motion to Impose, the Debtor appeared and was heard. She asked the Court to issue a ruling based on her legal arguments and the factual

allegations in her various filings, declining the opportunity to participate in a hearing or trial at which she might offer evidence in support of her request.

As previously indicated, the Court construes the Motion to Impose as a motion for an order that the stay take effect under 11 U.S.C. § 362(c)(4)(B). The Court may impose a stay under that statute "only if" the movant "demonstrates that the filing of the . . . case is in good faith as to the creditors to be stayed[.]" Id. Under certain circumstances, it is presumed that the case in question was not filed in good faith as to a specific creditor, or as to all creditors. *See* 11 U.S.C. § 362(c)(4)(D). That presumption arises here, as to all creditors, because the Debtor had two previous cases under Title 11 pending within the year preceding the petition date in this case. *See* 11 U.S.C. § 362(c)(4)(D)(i)(I). The Debtor bears the burden of rebutting this presumption by clear and convincing evidence. *See* 11 U.S.C. § 362(c)(4)(D). The Debtor has not met that burden.

In her written filings and her oral statements to the Court, the Debtor has emphasized that she intends to reorganize and pay Mr. Goldfine in full, invoking the prospect of refinancing the debt owed to him, selling the property securing that debt, or some combination of these options. However, even if the sparse factual allegations contained in her voluminous filings are viewed in the light most favorable to her and credited as true, the Debtor has not come close to establishing that her intention amounts to anything more than an aspiration. To be sure, the Debtor has communicated with various financial professionals and lenders, and has done some preliminary research. But she has not offered a commitment letter or any other written evidence showing that a lender is currently interested in refinancing the debt owed to Mr. Goldfine, or may be interested in refinancing at any point in the near term. Similarly, the Debtor has not offered any credible explanation of her plan to sell the property securing that debt within a reasonable timeframe. Instead, the Debtor's filings and remarks give rise to the impression that she is reluctant to sell for a reasonable price, has had trouble refinancing, and has long pursued both options simultaneously. At the hearing, the Debtor explained that refinancing might be possible *if* she were to list the property for sale. In most circumstances, a sale of property is not pursued immediately, or even promptly, after a refinancing. Said differently, sale and refinancing are both avenues to unlock equity that may exist in a particular piece of property. But the two strategies are not often pursued in

2

tandem. This casts doubt on the veracity of the Debtor's allegations. Having said that, even if there was some combination of a refinancing (which would be used to pay Mr. Goldfine) and a sale (that would be used to pay the lender providing the new loan), the Debtor provided nothing to suggest that there was a reasonable prospect of this coming together in the near future.

Even if there is substantial equity in the property as she asserts, the Debtor has not shown that there is a reasonable prospect of confirming a chapter 11 plan that would result in full payment of the debt to Mr. Goldfine within a reasonable time. The Debtor has also failed to show an ability to pay the debt over time by funding a chapter 11 plan through her income. According to her schedules, she earns $1,000 per month from consulting, and has monthly net income of negative $5,590. The Debtor has not established even the basic contours of a plan through which she would, within a reasonable time, repay the debt to Mr. Goldfine, and has failed to show that this case was filed in good faith as to him. Instead, this chapter 11 case appears to have been filed for the sole purpose of delaying Mr. Goldfine in the exercise of his rights, without any corresponding plan to pay Mr. Goldfine in the context of the case. For this reason, the Motion to Impose is hereby DENIED.

Dated: October 8, 2020

Michael A. Fagone
United States Bankruptcy Judge
District of Maine